# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## AT ERIE

| | | |
|---|---|---|
| SHARON BROGDON, Individually and as the Personal Representative of the Estate of Tikeena Israel, | ) ) ) | Civil Action No. 16-12 Erie |
| *Plaintiff,* | ) ) | District Judge Barbara Rothstein |
| v. | ) ) | |
| | ) | ORDER DENYING DEFENDANTS' |
| CORRECT CARE SOLUTIONS, LLC., *et al.*, | ) | MOTION TO DISMISS |
| *Defendants.* | ) ) | PLAINTIFF'S PUNITIVE |
| | ) | DAMAGES CLAIM |

## ORDER

Plaintiff, mother and personal representative of the late Tikeena Israel, brings this action against Defendants Correct Care Solutions (CCS) and two CCS employees, Daniel Telega and Paris Horan, claiming that their reckless indifference to Israel's medical needs caused her death. Defendants move to dismiss Plaintiff's claim for punitive damages. Because, based upon the facts alleged in the Complaint, a jury could find that Defendants' actions demonstrate a reckless disregard for Israel's well-being, Defendants' motion to dismiss the punitive damages claim is denied. The Court's reasoning follows.

## I. Factual Background

For purposes of the Motion to Dismiss, the Court accepts Plaintiff's allegations as true. Phillips v. City of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008). According to the Complaint, in December 2014, Tikeena Israel—then an inmate at the Cambridge Springs State Correctional Institution—sought medical care at Correct Care Solutions' Cambridge Springs Facility, the medical provider for the prison. Complaint, ¶¶ 8–9. On December 9, 2014, Israel visited Correct

Care and was examined by Miranda Deering, a physician's assistant. Id., ¶ 12. Israel reported

abdominal pain, nausea, vomiting, diarrhea, and inability to keep food or liquid down. Id. Deering

recorded that Israel had diffuse tenderness, diagnosed her with viral gastritis, and discharged her

without further care. Id. On December 12, 2014, Israel returned to Correct Care and was seen by

Physician's Assistant Telega. Id., ¶ 14. She told Telega that, for the preceding five days, she had

suffered from sharp and persistent abdominal pain, which increased with movement. Id. Although

Telega recorded that Israel had diffuse tenderness, he did not perform an abdominal examination,

record any physical examination findings, or do any blood work. Id. Telega also failed to refer

Israel to a physician or specialist for further evaluation. Id. On December 14, 2014, Israel again

visited Correct Care. Id., ¶ 16. She was seen by a registered nurse who took her blood pressure,

administered an IV, and contacted a physician. Id. A decision was made to call an ambulance,

which transported Israel to Meadville Medical Center, a hospital. Id. At the hospital, Israel was

diagnosed with a ruptured appendix, and on December 16, 2014 she died of septic shock as a result

of the untreated ruptured appendix. Id., ¶¶ 20–24.

## II. Procedural Background

On January 12, 2016, Plaintiff filed this action against CCS, Telega, and supervising

physician Paris Horan.[1] Id., ¶¶ 2–5. The Complaint alleges that Telega was negligent in his

provision of care, and that Horan is both directly liable for negligent supervision and vicariously

---

[1] Defendants in their Motion claim that Horan was not Telega's supervising physician at the time of the relevant events and request her dismissal as a defendant. See Mot. to Dismiss at 3. Plaintiff opposes this request. Because the Court has issued an Order directing Defendants to produce discovery on this issue, see June 22, 2016 Order, the Court reserves judgment on Defendants' request to dismiss Horan as a defendant. The Complaint also names Dr. Jason Estrada as a defendant, but Estrada has since been dismissed as a defendant based on an unopposed affidavit of noninvolvement. See Plaintiff's Stipulation to Dismissal, Doc. No. 29 at 1; June 22, 2016 Order, Doc No. 33 at 1.

liable for Telega's negligence.  Id., ¶¶ 70–72.  The Complaint also brings corporate negligence

claims against CCS and wrongful death claims against all defendants.  Id., ¶¶ 82–89.  Plaintiff

seeks compensatory and punitive damages.  See id., ¶¶ 31–45.  In support of her punitive

damages claim, Plaintiff alleges that all Defendants' behavior was reckless and outrageous.

Defendants now move to dismiss Plaintiff's claim for punitive damages.

### III. Legal Standard

Dismissal is appropriate when a plaintiff has failed to state a claim upon which relief can

be granted.  Fed. R. Civ. P. 12(b)(6).  In evaluating a motion to dismiss, the Court must accept the

complaint's factual allegations as true and construe the complaint in the light most favorable to

the plaintiff.  Phillips, 515 F.3d at 233.  If, under any reasonable reading of the complaint, the

plaintiff may be entitled to relief, a motion to dismiss will fail.  See id.  However, a complaint that

offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"

is insufficient.  Bell Atlantic v. Twombly, 550 U.S. 550, 555 (2007).  The complaint must "contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Twombly, 550 U.S. at 557).

### IV. Discussion

Defendant moves under Rule 12(b)(6), claiming that Plaintiff's allegations amount to

only ordinary negligence and thus punitive damages are not appropriate.  See Mot. to Dismiss,

¶¶ 1–6.  Under Pennsylvania law, punitive damages are an "extreme remedy" and are "available

in only the most exceptional matters."  Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa.

2005).  In the medical malpractice context, punitive damages may be awarded for "conduct that

is the result of the health care provider's willful or wanton conduct or reckless indifference to the

rights of others.  40 P.S. § 1303.505(a); see also Rizzo v. Haines, 555 A.2d 58, 69 (Pa. 1989)

(punitive damages proper when conduct is "outrageous because of the defendant's evil motives or his reckless indifference to the rights of others") (quoting Restatement (Second) of Torts § 908(2)). An actor is reckless when he "'knows, or has reason to know ... of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk." Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 771 (Pa. 2005) (quoting Martin v. Johns-Manville Corp., 494 A.2d 1088, 1097 (Pa. 1985)). Applying this standard, trial courts have allowed punitive damages claims to proceed in such cases as when a doctor operated on the patient's healthy left carotid artery despite being on notice that the right was in need of operation, Zazzera v. Roche, 54 Pa. D. & C.4th 225, 226 (Com. Pl. 2001), and when a surgeon refused to perform surgery immediately despite knowing that serious neurological damage would result, Lawrence v. Kunkle, 75 Pa. D. & C.4th 370, 375 (Com. Pl. 2005).

Plaintiff asserts that the symptoms Israel reported are the classic symptoms of appendicitis and that these symptoms are well-known within the medical profession. Complaint, ¶ 34. Plaintiff claims that it is also well-known that failure to properly diagnose and treat appendicitis in a timely manner drastically increases the risk of death. Id., ¶¶ 34, 39. Given these factors, Plaintiff alleges, medical professionals know that they should consider appendicitis for any patient suffering from undifferentiated abdominal pain. Id. This requires recording the patient's history, a physical examination, and blood work. Id. Despite such alleged knowledge, Defendants on more than one occasion failed to record Israel's medical history, arrange for Israel to see a physician, do any blood work, or conduct even a basic physical exam. Id. Given that Defendants allegedly knew that this failure could lead to Israel's death and nevertheless inexplicably declined to provide the proper care, a jury could plausibly find that Defendants'

4

actions were outrageous and reckless.  As such, Plaintiff's allegations are sufficient to support a claim for punitive damages.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's claim for punitive damages is DENIED.

Further, in accordance with the procedures set forth in the Court's June 22, 2016 Order, the Court reserves judgment on the Motion to Dismiss Dr. Paris Horan as a defendant.

**IT IS SO ORDERED.**

Dated: June 24, 2016

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE